**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00860-GPG
(**The above civil action number must appear on all future papers sent to the court in this action.   Failure to include this number may result in a delay in the consideration of your claims.**)

LAZARO AGUILAR 148078,

    Plaintiff,

v.

COLORADO DEPARMENT [sic] OF CORRECTIONS, and
COLORADO STATE PENETENTRY [sic],

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED PRISONER COMPLAINT

---

    Plaintiff Lazaro Aguilar is an inmate in the custody of the Colorado Department of Corrections.   On April 15, 2016, Plaintiff filed *pro se* a Prisoner Complaint and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.   (ECF Nos. 1, 3).   He has been granted leave to proceed *in forma pauperis*.   (ECF No. 5).

    The Court must construe the Prisoner Complaint liberally because Plaintiff is not represented by an attorney.   See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be an advocate for a *pro se* litigant.   See *Hall*, 935 F.2d at 1110.   For the reasons discussed below, Plaintiff is ordered to submit an Amended Prisoner Complaint if he wishes to pursue the claims in this action.

1

## I.     PRISONER COMPLAINT

Plaintiff asserts nine claims for relief against two Defendants, the Colorado Department of Corrections and Colorado State Penitentiary, based on alleged violations of his federal constitutional rights.   Although he does not identify the basis for the Court's jurisdiction in the Prisoner Complaint, the Court exercises jurisdiction over this matter pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

In the first claim, he alleges that "prison officials" have handled his "case" with prejudice and discrimination.   The allegations underlying this claim are rambling and difficult to understand, but it appears Plaintiff disagrees with the execution of his sentence, in that he believes he should have been released in April 2015.   He alleges his "racial group" is the basis of his continued incarceration in violation of the Equal Protection clause of the Fourteenth Amendment.   He requests money damages.

In the second claim, he alleges the Colorado State Penitentiary law library has violated his access to the courts due to its various restrictions and costs.   He alleges such restrictions and "denial of access to legal material caused [his] potential meritorious claim to fail" in another case filed in this District.   He requests money damages and injunctive relief.

The third, fourth, fifth, sixth, seventh, and eighth claims allege violations of the Eighth Amendment prohibition on cruel and unusual punishment.   Plaintiff requests money damages and injunctive relief.   In the third claim, Plaintiff alleges he was not provided a cleaning kit for ten days and, when one was provided to him, he removed dirt, lint, dust, and "stains of feces and mucus" from his cell, which caused him emotional and

physical injury.   The fourth and fifth claims allege that he was not provided with toilet paper for multiple three-day periods, in addition to the roll of toilet paper provided weekly, which deprived him of basic hygiene and threatened his dignity.   In the sixth claim, he alleges the correctional facilities lost his laundry and he went without certain articles of clothing at various times.   He also alleges articles of laundry were reissued to him.   The seventh claim concerns his request for new shoes.   Plaintiff received shoes on March 31, 2015 but wanted new ones.   In the eighth claim, he challenges the Colorado State Penitentiary's policy of allowing a clean blanket one per month.   The allegations are unclear, but it appears Plaintiff wants a clean blanket on a more frequent basis.

In the ninth claim, Plaintiff alleges Travis Trani, Warden of Colorado State Penitentiary, warned him regarding "the filing of frivolous grievances."   He alleges this constituted retaliation and deprived him of access to the courts.   He makes allegations pertaining to a request for grievance forms, but does not allege forms were not provided to him.   In the Request for Relief, Plaintiff seeks $1,000,000 per violation of his constitutional rights as alleged in the Prisoner Complaint.

**II.    ANALYSIS**

  **a. Federal Rule of Civil Procedure 8**

The Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.   The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.   *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).   The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.   *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).   Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."   The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."   Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.   Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.   The Prisoner Complaint contains repetitive and rambling allegations that are difficult to understand.   Plaintiff must comply with Rule 8 in the filing of an Amended Prisoner Complaint and state his claims clearly, with supporting factual allegations, and without unnecessary repetition.

### b. Colorado Department of Corrections and Colorado State Penitentiary

Any constitutional claims pursuant to 42 U.S.C. § 1983 that Plaintiff might assert against the Colorado Department of Corrections and Colorado State Penitentiary are barred by Eleventh Amendment immunity, regardless of the relief sought.   *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007).   "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies."   *Ramirez v.*

*Okla. Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).  The Colorado Department of Corrections and Colorado State Penitentiary are agencies of the State of Colorado.  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195-96 (10th Cir. 1998).  The Eleventh Amendment may not bar a federal court action so long as the plaintiff seeks in substance only prospective relief and not retrospective relief for alleged violations of federal law, but a claim for prospective relief may only be asserted against individual state officers. *Verizon Maryland v. Public Service Comm'n of Maryland*, 535 U.S. 635, 645-46 (2002); *Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007).  Accordingly, the Colorado Department of Corrections and Colorado State Penitentiary are not proper parties to this action and should not be named as defendants in the Amended Prisoner Complaint.

The Court notes that it has provided this same instruction to Plaintiff in three other cases he filed in this District.  No. 16-00509-GPG at ECF No. 5; No. 15-cv-01713-LTB at ECF Nos. 5, 13; No. 15-cv-01481-LTB at ECF No. 38.  Plaintiff is warned that his failure to comply with the directions in this Order may result in the imposition of filing restrictions pursuant to 28 U.S.C. § 1915(g).  The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Two cases filed by Plaintiff in this District have been dismissed as

legally frivolous.  *Aguilar v. Colo. Dep't of Corr., et al.*, No. 15-cv-01713-LTB, Order of Dismissal, ECF No. 19 (D. Colo. Jan. 28, 2016) (dismissing action after providing leave to amend due to Plaintiff's failure to cure legal deficiencies, including his persistence in naming the Colorado Department of Corrections and Colorado State Penitentiary as defendants); *Aguilar v. Colo. State Penententry [sic] et al.*, No. 15-cv-01481-LTB, Order of Dismissal, ECF No. 51 (D. Colo. March 31, 2016) (dismissed as legally frivolous); *see also Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.).  In both of those cases, Plaintiff named Colorado state entities as defendants, despite the Court's instruction that such entities are protected by Eleventh Amendment immunity.  Plaintiff failed to identify individual persons as defendants, allege personal participation, and provide supporting factual allegations, just as in this case.  If Plaintiff fails to file an Amended Prisoner Complaint which complies with this Order, this action may be dismissed as legally frivolous.  Such dismissal may count as a third dismissal which could impose filing restrictions pursuant to 28 U.S.C. § 1915(g), namely, having to pay the full $400 filing fee in the absence of imminent danger of serious physical injury.

    **c. Potential Defendants**

To the extent that Plaintiff may amend to add other or additional defendants, he is reminded that he must assert personal participation by any named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S.

159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[W]hen a plaintiff sues an official under . . . § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). In order to succeed against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Plaintiff also cannot maintain claims against prison officials or administrators on the basis that they denied his grievances. The denial of a grievance, without any connection to the alleged violations of constitutional rights, does not establish personal participation under § 1983. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations) (internal quotation marks and citation

omitted). Therefore, Plaintiff should name as defendants only those persons he contends actually violated his federal rights while acting under color of law.

### d. Alleged Constitutional Violations

#### i. First Claim – Equal Protection

Plaintiff makes conclusory assertions that the alleged conduct concerning his release date violated his Fourteenth Amendment equal protection rights. The Equal Protection Clause of the Fourteenth Amendment forbids states from "deny[ing] to any person within [their] jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. This "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Because Plaintiff does not allege any facts in the Complaint to show that he was treated differently from other persons who were similarly situated, he fails to state an arguable equal protection violation in the first claim. *See Brown v. Montoya*, 662 F.3d 1152, 1172-73 (10th Cir. 2011) ("[T]o assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them.") (internal quotation marks omitted).

#### ii. Second Claim – Access to Courts

Plaintiff must plead he actually was impeded in his ability to conduct a particular case to state a violation of his right to access the courts. *See Casey v. Lewis*, 518 U.S. 343 (1996). The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). An

inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a nonfrivolous claim. *Casey*, 518 U.S. at 349-353.

Plaintiff alleges the law library restrictions somehow adversely affected a case he filed in this District, No. 15-cv-01481. However, that case was dismissed with prejudice as legally frivolous. *Aguilar v. Colo. State Penententry [sic] et al.*, No. 15-cv-01481-LTB, Order of Dismissal, ECF No. 51 (D. Colo. March 31, 2016); *see also St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (the Court may take judicial notice of its own records and files that are part of the Court's public records). Thus, the second claim as alleged fails to meet Rule 8's requirement of showing that Plaintiff is entitled to relief.

### iii. Third through Eighth Claims – Cruel and Unusual Punishment

A prisoner claiming that he has been subjected to cruel and unusual punishment based on the conditions of his confinement must demonstrate that the infringement was sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Eighth Amendment is not violated unless the conditions deprive a prisoner of the "minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citation omitted). The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992).

An inmate asserting an Eighth Amendment claim must allege that the defendants acted with deliberate indifference. Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Moreover, "[t]he Eighth Amendment 'does not mandate comfortable prisons,' and conditions imposed may be 'restrictive and even harsh.'" *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998) (citation omitted).

The allegations in the Prisoner Complaint do not show deprivation "of the minimal measure of life's necessities," as required to state a claim based on an Eighth Amendment violation. In assessing whether an environment is safe and humane for prisoners, the Court should take into account the circumstances of the challenged conditions, including the duration of the alleged deprivations. *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001); *see Powell v. Wilner*, No. 06-cv-00545-WYD-MEH, 2009 WL 840756, at *15 (D. Colo. Mar. 30, 2009) (citing *e.g., William v. Delo*, 49 F.3d 442, 444-46 (8th Cir. 1995) (finding no Eighth Amendment violation when a prison refused to give a prisoner running water, "tooth brush, tooth paste, deodorant, soap, sheets, blankets, pillow cases, pillows, mattresses, his legal mailing, and clothing" for four consecutive days); *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988) (holding that five-day confinement in roach-infested cell did not implicate a constitutional injury); *Ladd v. Stotts*, No. 92-3205-DES, 1995 WL 584700, at *3 (D. Kan. Sept. 28, 1995) (unpublished decision) (finding no Eighth Amendment violation when prison denied prisoner clean water for thirty hours)); *see also Estrada v. Kruse*, 38 F. App'x 498, 499 (10th Cir. 2002) (unpublished) (affirming dismissal of plaintiff's claim that he was

subjected to cruel and unusual punishment when he was held for four nights and five days in a stripped basement intake cell with minimal clothing and bedding, no personal hygiene items, and no cleaning supplies). In this case, the duration and quality of the deprivations concerning the cleaning kit, additional toilet paper, missing and reissued laundry, new shoes, and monthly laundered blankets do not amount to constitutional violations as alleged.

### iv. Ninth Claim – Retaliation

Prison officials may not retaliate against an inmate for exercising his constitutional rights. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). To state a retaliation claim, Plaintiff must allege facts to show that (1) he was engaged in constitutionally protected activity, (2) the defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and, (3) the defendants' adverse actions were substantially motivated as a response to Plaintiff's constitutionally protected activity. *See Shero v. City of Grove,* 510 F.3d 1196, 1203 (10th Cir. 2007). "Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (citation omitted).

In the Prisoner Complaint, Plaintiff does not allege specific facts to satisfy the second element stated above. He explains he received a warning letter regarding "the filing of frivolous grievances," but does not allege he suffered any injury as a result of the letter. Notably, "refusing to give a prisoner a grievance form [is] not the type of injury that would chill a person of ordinary firmness from exercising their constitutional rights."

*Fogle v. Infante*, 595 F. App'x 807, 810 (10th Cir. 2014). Similarly, refusing to provide a grievance form does not constitute a violation of the constitutional right of access to the courts. *Id.* Thus, the ninth claim as alleged fails to meet Rule 8's requirement of showing that Plaintiff is entitled to relief.

Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Prisoner Complaint that complies with this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved form Prisoner Complaint (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in preparing and filing an Amended Prisoner Complaint. It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Prisoner Complaint that complies with this Order within the time allowed, this action may be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff's request for court-appointed counsel, set forth in the Prisoner Complaint, is **DENIED WITHOUT PREJUDICE** as premature. Any future request for a court order must be made by motion and comply with Rule 7 of the Federal Rules of Civil Procedure.

DATED April 26, 2016, at Denver, Colorado.

BY THE COURT:



                    _____
                    Gordon P. Gallagher
                    United States Magistrate Judge